STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
TIMOTHY E. SOPINSKI, RESPONDENT.
633 N.W.2d 111

Filed September 7, 2001.   No. S-01-265.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

On March 5, 2001, the Counsel for Discipline charged respondent, Timothy E. Sopinski, with three counts of violating his oath of office as an attorney and the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1), (5), and (6), and Canon 6, DR 6-101(A)(3). DR 1-102(A)(1), (5), and (6) provide as follows: "DR 1-102 Misconduct. (A) A lawyer shall not: (1) Violate a Disciplinary Rule. . . . (5) Engage in conduct that is prejudicial to the administration of justice. . . . (6) Engage in any other conduct that adversely reflects on his or her fitness to practice law." DR 6-101(A)(3) provides: "DR 6-101 Failing to Act Competently. (A) A lawyer shall not: . . . (3) Neglect a legal matter entrusted to him or her."

On July 24, 2001, respondent filed with this court a conditional admission of guilt as to the allegations contained in the formal charges. On August 2, the parties filed a stipulation of counsel requesting that a suspension, if any, take effect no earlier than 10 days nor longer than 30 days after entry of an order of suspension.

The formal charges state as follows: Respondent was duly admitted to the practice of law in the State of Nebraska on September 23, 1997, has engaged in the practice of law in Lancaster County, and at all times relevant to this matter, was a deputy public defender in Lancaster County.

Respondent represented Gregory C. Thompson in regard to criminal charges filed in the district court for Lancaster County. On April 17, 2000, respondent filed a notice of appeal with the Nebraska Court of Appeals in *State v. Thompson*, A-00-427. Thompson's brief was due in the Court of Appeals on July 6. On July 11, the Clerk of the Nebraska Supreme Court and Court of Appeals sent respondent a letter by certified, U.S. mail, return receipt requested, advising respondent that Thompson's brief had not been filed by the July 6 deadline. Respondent received the letter on July 13. The letter further advised respondent that the appeal would be dismissed for failure to prosecute if the brief was not filed within 10 days from respondent's receipt of

the letter. Respondent failed to file a brief in the Court of Appeals, and Thompson's appeal was dismissed on July 31.

Thompson had no contact with respondent after his appeal was perfected to the Court of Appeals. Thompson did not consent to the dismissal of his appeal. Thompson did not have prior knowledge that respondent would not file a brief on his behalf and was not notified by respondent that the appeal had been dismissed.

On April 19, 2000, a letter of complaint written by Thompson against respondent was received by the office of the Counsel for Discipline. On the same date, the office of the Counsel for Discipline forwarded a copy of Thompson's letter to respondent and asked respondent to file a written response with the office of the Counsel for Discipline. In a letter dated May 18, the office of the Counsel for Discipline advised respondent that his response to the Thompson letter had not been received, and respondent was again requested to submit a written response to the office of the Counsel for Discipline.

On June 6, 2000, the office of the Counsel for Discipline logged Thompson's letter as a grievance against respondent pursuant to Neb. Ct. R. of Discipline 9(D) (rev. 2001). A copy of the grievance was mailed to respondent by certified, U.S. mail, return receipt requested, and was received by respondent's office on June 7. An accompanying cover letter advised respondent that pursuant to rule 9(E), respondent was required to file an appropriate response to the grievance with the office of the Counsel for Discipline within 15 working days. By letter dated July 5, 2000, the office of the Counsel for Discipline advised respondent that his response to the Thompson grievance had not been received. On August 1, respondent submitted a written response to the Thompson grievance.

On September 14, 2000, the office of the Counsel for Discipline sent a disciplinary grievance to respondent by certified, U.S. mail, return receipt requested, which was received by respondent's office on September 15. An accompanying cover letter advised respondent that pursuant to rule 9(E), respondent was required to file an appropriate response to the grievance with the office of the Counsel for Discipline within 15 working days. By letter dated October 12, 2000, the office of the Counsel for Discipline advised respondent that his response to the

September 14 grievance had not been received. As of the filing of the formal charges on March 5, 2001, respondent had not submitted a written response to the September 14, 2000, grievance.

In the conditional admission, respondent admits the facts as outlined in the formal charges and admits that he violated DR 1-102(A)(1), (5), and (6), and DR 6-101(A)(3). Respondent also admits that he violated his oath of office as an attorney. See Neb. Rev. Stat. § 7-104 (Reissue 1997).

After the charges were filed in this action, respondent enrolled in and completed an inpatient alcohol treatment program provided by Valley Hope. Respondent has abstained from the use of alcohol, which he admits was an apparent contributing factor to the errors and omissions which gave rise to the filing of the formal charges.

The conditional admission includes a stipulation between respondent and the Counsel for Discipline regarding the proper discipline to be imposed in this case. Respondent and the Counsel for Discipline agreed in the stipulation that respondent should be suspended from the practice of law in the State of Nebraska for 60 days, comply with the provisions of a monitoring contract respondent entered into with the Nebraska Lawyers Assistance Program (NLAP) dated July 6, 2001, and accept a term of probation of at least 1 year from the date of the NLAP contract.

Based on the conditional admission of respondent and the recommendation of the Counsel for Discipline, this court finds by clear and convincing evidence that respondent has violated DR 1-102(A)(1), (5), and (6); DR 6-101(A)(3); and his oath of office as an attorney. Accordingly, we suspend respondent from the practice of law in the State of Nebraska for a period of 60 days, effective 20 days after the filing of this opinion. Upon his application for reinstatement, respondent shall have the burden of proving that he has not practiced law during the period of suspension, that he has met the requirements of Neb. Ct. R. of Discipline 16 (rev. 2001), and that he is fit to practice law. In addition, reinstatement shall be conditioned upon (1) the payment of all costs of this action, which are hereby taxed to respondent; (2) respondent's compliance with the terms of his contract with the NLAP monitoring program; (3) a showing by independent, third-party proof that respondent has continued

active participation in an alcohol recovery program and has maintained abstinence from the use of alcohol during the period of suspension; and (4) the submission by respondent and approval by this court of a probation plan, to be in effect for a period of 1 year following reinstatement, whereby respondent's recovery program and his compliance with the Code of Professional Responsibility will be monitored by the NLAP and the Counsel for Discipline. Failure to comply with the terms of the probation plan would constitute grounds for further disciplinary action. Respondent is directed to comply with rule 16. Costs and expenses are taxed to respondent. See Neb. Ct. R. of Discipline 23 (rev. 2001).

JUDGMENT OF SUSPENSION.